# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:22-CR-00128-JDK-** |
| **v.** § | **JDL-1** |
| § | |
| § | |
| **JULIO REYES CAMPOS, JR. (1)** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 2, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Julio Reyes Campos, Jr. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. On January 31, 2024, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 30 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. On September 23, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. Defendant was also required to submit one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 6, 2024, and March 18, 2025, when Defendant submitted a urine specimen that tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 8 months imprisonment to include 180 days of unserved residential confinement with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 8 months imprisonment to include 180 days of unserved residential confinement with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his

sentence at FMC Fort Worth, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of July, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE